IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY ELIZABETH POWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 19-131 |
| | ) | |
| ANDREW SAUL, | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

**OPINION AND ORDER**

**Synopsis**

Plaintiff Mary Elizabeth Powell ("Powell") seeks judicial review of the Social Security Administration's denial of her claim for a period of disability and disability insurance benefits ("DIB"), and for supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. She alleges a disability onset date of May 1, 2015. (R. 18) Following a November 1, 2017 video hearing, during which Powell, her Blended Case Manager, and a vocational expert ("VE") appeared and testified, the ALJ denied her claim. The parties have filed cross-motions for summary judgment. *See* ECF Docket Nos. 9 and 11. For the reasons set forth below, Powell's Motion is denied and the Defendant's Motion is granted. The ALJ's decision is affirmed.

**Opinion**

1. Standard of Review

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995

(1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

As stated above, the ALJ denied Powell's claim for benefits. Specifically, he found that Powell last met the Act's insured status requirements on December 31, 2019. (R. 20) At step one, the ALJ concluded that Powell had not engaged in substantial gainful activity since the alleged onset date. (R. 20) He further determined that Powell suffered from severe impairments: cervical and lumbar spasm, obesity, depression disorder, anxiety disorder and obsessive-compulsive disorder. (R. 21) The ALJ then found that Powell did not have an impairment or combination thereof that met or medically equaled a listed impairment. (R. 21-23) The ALJ concluded that Powell had the residual functional capacity ("RFC") to perform light work, with certain limitations. (R. 23-32). At step four, the ALJ determined that Powell could not return to her past relevant work. (R. 32) Finally, the ALJ found there were other jobs that existed in significant numbers in the national economy that she could perform. (R. 32-33) Accordingly, the ALJ denied benefits.

III. Discussion

Powell offers numerous challenges to the ALJ's decision. For the reasons set forth below, I do not find any of them to be persuasive.

(1) Step Three –Listings 12.04 and 12.06

First Powell describes as deficient the ALJ's decision because he failed to cite to medical records in Step Three when addressing Listings 12.04 and 12.06. *See* ECF Docket No. 10, p. 10. The ALJ's failure to reference Powell's medical records in his discussion at Step 3 is not fatal. In *Faust v. Berryhill*, Civ. No. 17-1236, 2019 WL 522692, at * 4 (M.D. Pa. Feb. 11, 2019) the court considered a similar issue. There, the claimant contended that "in order to determine whether substantial evidence supports an ALJ's finding, [the court] must look only to the section of the report in which the finding was made." *Faust*, 2019 WL 522692, at * 4. The court stated:

> [t]he plaintiff has put forth no precedent to support this position. Our own review of the law, however, has revealed guidance from the Third Circuit Court of Appeals on this issue. The Court of Appeals instructs that the ALJ's decision must be "read as a whole" when assessing whether substantial evidence supports an ALJ's finding. *Jones v. Barnhart*, 364 F.3d 501, 504 (3d Cir. 2004). The ALJ is not required to use any "particular language or format"; rather, the only requirement is that "there is sufficient development of the record an explanation of findings to permit meaningful review." *Id. See also Fullen v. Comm'r. of Soc. Sec*., 705 F.App'x. 121, 124 (3d Cir. 2017). The ALJ's evaluation of the evidence must appear in the decision but need not appear specifically in the Listings discussion. *See Cop v. Comm'r. of Soc. Sec*., 226 F.App'x. 203, 208 (3d Cir. 2007).

*Id.* Ultimately, the *Faust* court determined that the ALJ adequately considered Listings 12.04 and 12.06 in Step Four and that he supported his findings with substantial evidence of record.

Reading the ALJ's decision here as a whole, as *Jones* instructs, allows for meaningful analysis. The ALJ engaged in an initial discussion of Powell's impairments under Listings 12.04B and 12.06B. He determined that she "has only mild limitations in

4

understanding, remembering or applying information; moderate limitations in interacting with others; moderate limitations in the area of concentration, persistence, or maintaining pace; and she has experienced moderate limitations with regard to adapting or managing oneself." (R. 22) The ALJ later set forth a lengthy discussion under the RFC analysis, including a discussion of medical records, regarding Powell's ability in these respects. The law does not require more and Powell's contention that the ALJ's analysis was legally deficient is without merit.

Second, Powell insists that the ALJ's findings regarding 12.04 and 12.06 are not supported by substantial evidence of record. Again, I disagree. The majority of Powell's argument is devoted to a citation of evidence supporting her contention that she satisfies Listings 12.04 and 12.06. Yet the standard is not whether there is evidence to establish a claimant's position, *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989):

> or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of U.S. Dep't. of Health & Human Services*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin*, Civ. No. 15-765, 2016 WL 5871164, at * 18 (M.D. Pa. Oct. 7, 2016). Thus, Powell's argument is misplaced.

Further, a review of the record reveals that substantial evidence supports the ALJ's conclusion that Powell does not satisfy either Listing 12.04 or 12.06. Listings 12.04B and 12.06B both require that a claimant have an "extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace;

(4) adapt or manage oneself." See 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04B, 12.06B.[1] The ALJ cited to numerous records in finding that Powell had only a mild limitation with respect to her ability to understand, remember, or apply information, a finding she does not contest. (R. 27) *See also,* ECF Docket No. 10, p. 12. Similarly, the ALJ found that Powell had only moderate limitations in interacting with others. (R. 22) In so finding, he accorded "significant weight" to Dr. Wright's psychiatric evaluation, which supports his conclusions. (R. 390) State agency psychological consultant Dr. Jonas similarly opined that Powell had only moderate limitations in her ability to maintain social functioning. (R. 90) The ALJ found Jonas's opinion merited some weight. (R. 27) The ALJ's finding (R. 27) that Powell has only moderate limitations with respect to concentration, persistence pace is also supported by substantial evidence of record. Both Dr. Jonas and Dr. Wright opined that Powell was only mildly impaired in these respects. (R. 27, 90, 386) Further, in speaking with Nurse Rowland, Powell repeatedly denied issues with memory, attention, concentration, decision-making skills and motivation. (R. 24-26) Finally, the ALJ determined that Powell had a moderate limitation with respect to her ability to adapt or manage oneself. (R. 22) Again, this is supported by substantial evidence of record. Dr. Wright indicated that Powell can perform all activities of daily functioning; that she can take public transportation; and that she had adequate money management skills when she had money. (R. 27, 386) Similarly, Dr. Jonas found that Powell had only mild restrictions in her activities of daily living. (R. 27, 90) Further, "Ms. Rowland's notes show that despite continued non-compliance, the claimant consistently reported that her activities of daily living remained intact and her

---

[1] Listings 12.04 and 12.06 allow a claimant to, in addition to meeting the criteria under subsection A, meet the criteria under B **or** C. Here, Powell proceeds with her claim under B rather than C.

6

mental status examinations remained largely within normal limits with the exception of some mood and affect abnormalities." (R. 27)

In sum, the ALJ's conclusion that Powell's impairments did not cause at least two "marked" limitations or one "extreme" limitation under 12.04B or 12.06B is supported by substantial evidence of record. Consequently, Powell cannot satisfy the Listing requirements of 12.04 and / or 12.06 and I need not address Powell's contentions regarding the 12.04A and 12.06A criteria. The ALJ's decision is affirmed in this respect.

(2) RFC

Powell contends that the ALJ improperly discounted her statements regarding symptoms and erroneously weighed the medical evidence in formulating the RFC. RFC refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her own limitations. 20 C.F.R. 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. 404.1527, 416.927; 20 C.F.R. 404.1546(c), 416.946(c). *See also, Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011); *Cummings v. Colvin*, 129 F.Supp.3d 209, 214-15 (W.D. Pa. 2015).

The ALJ arrived at an RFC finding of light work, with several restrictions. (R. 23) Those restrictions include a limitation to performing simple, routine and repetitive tasks, no more than occasional interaction with the public or coworkers, and an off-task rate of 5% of the workday. (R. 23) In so finding, the ALJ concluded that Powell's statements

concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical evidence. (R. 24) Powell points to her own testimony as well as her case manager's regarding her anxiety, her propensity to pick at herself and her social avoidance.[2] Again, as stated above, the standard is not whether substantial evidence supports the claimant's contentions but whether substantial evidence supports the ALJ's decision. My task here is not to reweigh the evidence or substitute judgment. Contrary to Powell's assertions, substantial evidence of record supports the ALJ's conclusion in this regard. For instance, the ALJ noted the "psychiatric treatment records do not document the frequency or intensity of picking behaviors that the claimant and her BCM testified to at the hearing." (R. 32) The ALJ also explained that Rowland never observed these behaviors during examinations and that Powell never mentioned her "picking" behavior to Dr. Wright during her psychiatric evaluation. (R. 31) Finally, as the ALJ observed, Powell worked for years as a certified nurse's assistant while engaging in this behavior with no negative consequences regarding her employment. (R. 31) Consequently, Powell's contention that the ALJ improperly evaluated her symptoms lacks merit.

Nor am I convinced by Powell's argument that the ALJ erroneously weighed the medical evidence.[3] Specifically, Powell takes issue with the ALJ having found that her obsessive-compulsive disorder and anxiety disorder constitute "severe impairments" yet gave significant weight to the opinion of Dr. Wright, who failed to address either of these

---

[2] With respect to Powell's claims that the ALJ erroneously evaluated her contentions regarding social avoidance, as set forth above, the ALJ's conclusion that Powell was only moderately limited with respect to ability to interact with others is supported by substantial evidence of record.

[3] Powell argues that Records from the stairways Behavioral Health Visits contradict the ALJ's conclusion that her mental status examinations were "largely within normal limits." *See* ECF Docket No. 10, p. 20. Yet, as stated above, the standard is not whether substantial evidence supports the claimant's position, but whether substantial evidence supports the ALJ's position. Substantial evidence does. (R. 392, 297, 401, 405, 408-09, 413, 417-18, 421).

8

disorders. The ALJ gave specific and supported reasons for giving significant weight to Dr. Wright's opinion. The ALJ explained that Wright's opinion is consistent with her own observations of Powell and with Powell's psychiatric treatment records. Consistency with the record is an appropriate factor to consider in weighing opinion evidence. See 20 C.F.R. 404.1527, 416.1527. Neither am I convinced by Powell's argument that the ALJ erred by not finding that she would be off task for 25-50% of the workday. She insists that this conclusion is supported by her own testimony as well as that provided by Waugaman. Yet, as stated above, the ALJ appropriately discounted this testimony, finding that the medical records did not support assertions that Powell engaged in picking behavior with such intensity or frequency.

(3) Erosion of Occupational Base

The ALJ found that of the three jobs identified by the VE, only one could be performed with the limitation to simple, routine and repetitive tasks – that of housekeeper. (R. 33) Powell contends that a limitation to one occupation, regardless of the number of jobs available in that occupation, constitutes a significant reduction of the occupational base. Consequently, Powell urges, the ALJ should have applied the lower grid standard – that of the sedentary level. Social Security Ruling 83-12 applies when a claimant's exertional level falls between two ranges of work. *See* SSR 83-12, 1983 WL 31253. SSR 83-12 provides that:

> when a claimant falls between two exertional categories, the ALJ may not rely exclusively on the Guidelines to determine whether the claimant is capable of performing work existing in significant numbers in the national economy. Instead, the ALJ must examine Plaintiff's limitations closely, relying on the assistance of a vocational expert and the guidance articulated in SSR 83-12 to determine whether those limitations would effectively preclude him from most jobs in the higher exertional category.

9

*Mercado v. Comm'r. of Soc. Sec. Admin.*, Civ. No. , 2018 WL 5818536, at * 6 (D. N.J. Nov. 7, 2018) Even assuming that SSR 83-12 applies in this instance, the ALJ complied with its dictates. Specifically, the ALJ consulted a VE, who indicated that an individual with the claimant's age, education, work experience, and residual functional capacity could perform the job of housekeeper and that 400,000 such jobs exist nationally. Consequently, I find no basis for remand.

(4) The Appeals Council

Finally, Powell urges that the Appeals Council violated its own rules when it denied Powell's request for a subpoena for her medical, psychiatric and counseling records from the Barber Center. It is not entirely clear when Powell first began treating with the Barber Center. She represented to the Appeals Council that, at the time of the administrative hearing before the ALJ, she had begun "psychiatric treatment and therapy" but had not yet had her "initial psychiatric evaluation." (R. 173). She also represented to the Appeals Council that she informed the ALJ that her first psychiatric appointment was not scheduled until later in the month and that Powell could not have obtained the evidence at that time because "it did not exist then." (R. 183) She also stated that she was "not aware of what those records say." (R. 183) The Appeals Council did not issue a subpoena. Instead, the Appeals Council stated that the claimant was responsible for sending the evidence that he / she wants the Appeals Council to consider. (R. 6) It further stated that it would consider any evidence that is new, material, and relates to the period on or before the date of the decision and that it would hold the record open for a period of 30 days. (R. 6) Powell insists that the Appeals Council violated its duty under the regulations.

Under the Code of Federal Regulations:

When it is reasonably necessary for the full presentation of a case, an administrative law judge or a member of the Appeals Council may, on his or her own initiative or at the request of a party, issue subpoenas for the appearance and testimony of witnesses and for the production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing.

20 C.F.R. 404.950(d)(1). Neither party has supplied this Court with informative case law.[4] However, as Powell represents, the evidence must be material and there must be a "reasonable probability that it will change the outcome of the decision." *See* ECF Docket no. 10, p. 23-24. In indicating that she is unaware of what the records may contain, she has not discharged this burden. She cannot demonstrate that the evidence has a reasonable probability of changing the outcome of the decision. Consequently, I find no error in the Appeals Council's denial of the request for subpoena.

---

[4] The Government directs this Court's attention to *Daywalt v. Colvin*, Civ. No. 15-396, 2015 5883743, at * 1 (W.D. Pa. Oct. 8, 2015) for the proposition that the decision to grant a subpoena is discretionary. I do not dispute that a court has the discretion to issue a subpoena, the Daywalt case is not factually on point. In *Daywalt*, the claimant requested a subpoena for a medical care provider to attend the hearing for purposes of cross-examination. It did not address a duty to develop the record. As such, its persuasive value is minimal.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY ELIZABETH POWELL )
    Plaintiff, )
 )
 -vs- ) Civil Action No. 19-131
 )
ANDREW SAUL, )
COMMISSIONER OF SOCIAL SECURITY. )
 )
    Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 30th day of March, 2020, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 11) is GRANTED and the Plaintiff's Motion for Summary Judgment (Docket No. 9) is DENIED. It is further ORDERED that the case is CLOSED forthwith.

    BY THE COURT:

    /s/ Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge